**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**


**RICHARD EDWARD DAUGHERTY,**

      Plaintiff,

      v.                                  **Civil Action No. 5:26-CV-80**
                                                Judge Bailey

**THE UNITED STATE GOVERNMENT,
DONALD J. TRUMP, G.E.O. GROUP,
WILLIAM K. MARSHALL, JOHN BRENN,
ROBERT BROWN, SHANNON D. WITHERS,**
and **MRS. SAGE,**

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

This case is before the Court on the *pro se* Plaintiff's Motions to Proceed without Prepayment of Fees [Docs. 6, 14], executed Consent to Collection of Fees form, and ledger sheets.   Also pending before this Court is plaintiff's letter, filed *pro se*, [Doc. 10], which the Court construes as a Motion for an Extension.   In that Motion, plaintiff requests additional time to submit paperwork related to his request to proceed without prepayment of fees.   As the Court is now ready to rule on petitioner's application, that Motion [**Doc. 10**] is hereby **GRANTED**.

Title 28 U.S.C. § 1915 requires prisoners to pay the full $350 filing fee when bringing a civil action *in forma pauperis* ("IFP").   28 U.S.C. § 1915 (b)(1) (1996).   If, however, insufficient funds exist in the prisoner's account to pay the full filing fee at the time of filing, the court must assess and, when funds exist, collect an initial filing fee of

1

twenty percent (20%) of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six month period.   Id.   Thereafter, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income.   Id.   The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10.00 until the $350 filing fee is paid in full.   Id.

Because the plaintiff has insufficient funds in his prison trust account to pay the full filing fee at this time, his requests to proceed without prepayment of fee [**Docs. 6 & 14**] are **GRANTED**.   However, plaintiff's PTAR and ledger sheets indicate that he had average monthly deposits of $95.26 and an average monthly balance of $682.41 during the preceding six months.

Accordingly, consistent with the provisions of 28 U.S.C. § 1915, it is hereby **ORDERED** that:

1.   A copy of this Order shall be sent to the Trustee Officer of the institution having custody of the plaintiff along with a copy of the executed consent to collection of fees form.   Pursuant to the plaintiff's executed consent to collection of fees form, the Trustee Officer shall forward to the Financial Deputy Clerk, in the form of a check or money order payable   to "Clerk, U.S. District Court," P. O. Box 471, Wheeling, West Virginia 26003, an **initial partial filing fee of $136.48** and, (b) automatically make monthly assessments upon the Plaintiff's trust account of 20% of the preceding month's income toward the filing fee and shall forward such assessments to the Financial Deputy Clerk in the form of a check or money order at the above-mentioned address each time the amount in the

account exceeds $10.00, until the $350 filing fee is paid in full.    Payments shall be clearly marked with the name and number assigned to this case.    When the filing fee is paid in full, the Financial Deputy Clerk shall file a notice so stating;

2.    Plaintiff is advised that the failure to pay the initial filing fee within **twenty-eight (28) days** of the entry of this Order, will result in the **dismissal of this action without prejudice**;

3.    Upon the Financial Deputy Clerk's receipt of the initial partial filing fee, the Financial Deputy Clerk shall notify the Clerk that the initial partial filing fee has been paid. The Court will thereafter conduct an initial screening of the complaint as soon as practicable pursuant to LR PL P 2;

4.    Any recovery in this case will be subject to an applicable service of process fee assessed by the U.S. Marshal;

5.    In the event that the defendant is ordered to respond to the complaint, the United States Marshal Service will be ordered to serve the complaint.

It is so **ORDERED**.

The Clerk is directed to send copies of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.    The Clerk is further directed to mail copies of this Order and the Consent to Collection to the Financial Deputy Clerk and the Trustee Clerk of the institution having custody of the plaintiff.

**DATED:** June 23, 2026.

/s. James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE